*Webster,* for *appellant.*

*Hawkins,* for *appellee.*

---

## W. B. CALDWELL ET AL. *v.* CHAS. OBST.

**Municipal Corporations—Street Improvements—Liability For.**

Under a city charter, where there were no squares lying north of the improved street; the lots lying on the south side of the street adjacent to the improvement may be held liable for the entire cost of the improvement, and the owners of such lots can not complain where they have been relieved from payment of half of the cost of the improvement by assessments on other property not within the square, which assessment is not resisted.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 4, 1874.

Opinion by Judge Lindsay:

It is evident that the city of Louisville has accepted the dedication, by the owners of lots lying immediately south of Quincy street as laid out on Stewart's map, of thirty feet off the south end of said lots, and that the acceptance of this dedication had the effect of transforming the twenty foot alley into a principal street. It is also manifest that the street so formed is now known and recognized as Quincy street. We have no doubt as to the fact that this was the street intended to be improved under the ordinance of April 10, 1872. It was so understood by the contractor, and engineer, and by a portion of those owning lots fronting on it; and after the work was done, the general council recognized the propriety of the action of the contractor and engineer, by receiving the work, and providing for the payment of the contract price. The defense, attempted to be formed upon the idea that the wrong street was improved, or that the ordinance was indefinite, in this regard, to such an extent as to render it void, or as to mislead property owners, was properly disregarded.

The appellants own lots within a well defined square bounded by the new Quincy street on the north, and by Wayne, Adams and Webster streets, respectively, on the south, east and west. Their lots undoubtedly constitute portions of the subdivisions of squares that the charter provides may be taxed for the improvement of public ways. If it be true that there are no squares lying north of the improved street, it by no means follows that appellants' property cannot be taxed. The charter places all public ways under the exclusive control of the city, with power to improve them by original construction and reconstruction. This new Quincy street, being a public way, the city had the right to have it improved. The charter further provides that the improvement when made "shall be at the exclusive cost of the owners of lots in each fourth of a square" and that "no one shall be assessed or charged with the improvement of public ways, except those whose land bounds on the fourth of a square of which his lot forms a part." Section 12, City Charter. It results, therefore, that if there be no squares on the north side of the new Quincy street, the two quarter squares on the south, and upon which the street bounds, may, according to the let-

ter of the charter, be compelled to bear the entire cost of the improvements. The owners of lots might resist the payment of such an assessment, by showing that it was so high as to amount to a species of spoliation, or upon the ground that it was so grossly unequal as to be in violation of the implied constitutional restriction requiring uniformity and approximate equality in taxation; but in this case, as the quarter squares in which appellants' lots are situated are assessed with but one-half of the cost incurred in improving the streets, neither of these defenses will avail.

It is perfectly clear, upon the other hand, that the territory lying between the new Quincy street and Fulton street, which is more than two thousand feet farther north, does not constitute a square in the sense in which that term is used in the city charter. It may be doubtful whether those owning property in this territory could be compelled to pay any portion of the cost of the street improvement; but still they have been assessed with one-half of it, and so far as this record shows, are not resisting payment. Being thus relieved from one-half of the burden, appellants have no ground for complaint.

We concur with the chancellor that the act of amendment, Sess. Acts 1871-22, page 440, did not take effect until after the passage of the ordinance providing for the improvement of Quincy street, and therefore that it does not affect this case.

Judgment affirmed.

*Arbegast, Sachs,* for appellants.

*Harrison, McGrain, Barnett,* for appellee.